IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE MOSHER | ) | CASE NO. 4:10CV0829 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE  CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

Petitioner *pro se* Robert Lee Mosher  ("Mosher"), incarcerated at the Federal Correctional

Institution, Elkton, Ohio, brought this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

He was convicted of Obstructing an IRS Office (26 U.S.C.§ 7212), Tax Evasion (26 U.S.C. § 7201)

and Contempt of Court 18 U.S.C. § 401(3) in the United States District Court for the Western

District of Michigan. *U.S. v. Mosher*, Case Nos. 1:07-CR-67, 1:07-CR-86. His Motion to Vacate,

Set Aside or Correct Sentence was denied on or about July 7, 2009. Mosher has also filed a Motion

to Proceed *In Forma Pauperis* (ECF 5), Motion for Order Directing Respondent to Show Cause

(ECF 3), Motion for Order to Supplement the Record (ECF 5) and  Motion for Rule 201(d) Request

for Mandatory Judicial Notice (ECF 6). For the reasons set forth below, all of Mosher's pending

Motions are denied.

Mosher presents the following four claims in his present Petition:

1. Fundamentally defective search warrant in violation of the Constitution or laws
thereof resulted in a void judgment which the Warden is executing in violation of the
same.

2. Ineffective assistance of counsel because the court appointed counselor failed to interrogate or even investigate the IRS agents or office for credibility or veracity or to establish their authority in the matter in violation of the 4th, 5th and 6th Amendments. Void judgment.

3. Warden is executing a void judgment in violation of the Constitution or laws thereof because the judgment was rendered in violation of the 6th Amendment right to effective counsel because counsel abandoned his client at the critical plea bargain and appeal stages of the matter.

4. Warden is executing a void judgment because said judgment violates the Constitution or laws thereof because it was rendered in violation of the 6th Amendment right to handle ones own case without assistance of counsel.

Mosher asserts that his claims are appropriate under § 2241 because they do not relate to the execution or imposition of a sentence so are inadequate or ineffective for attacking a sentence under 28 U.S.C. § 2255. He requests an immediate release from custody, and/or a new trial, and/or remand to the trial court for an evidentiary hearing on the ineffective assistance of counsel claim.

In 1948, Congress amended 28 U.S.C. § 2255 to allow the court that imposed sentence, rather than the court that happened to have jurisdiction over the prisoner's custodian, to hear a collateral attack on that sentence. Although § 2255 was again amended in 1996 by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996), it retained the crucial amendment passed in 1948 by the Judicial Conference, and thus currently provides in the fifth paragraph, that:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255 (1999).

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Cabrera v. United States*,

972 F.2d 23, 25-26 (2d Cir. 1992); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979), and

that claims seeking to challenge the execution or manner in which the sentence is served shall be

filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi*

*v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893

(6th Cir. 1991); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977)). The remedy

afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed

under § 2255. *See Bradshaw*, 86 F.3d at 166.

 Still, § 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim

challenging his conviction or imposition of sentence, if it appears that the remedy afforded under §

2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v.*

*Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond

question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain

relief under that provision. *See e.g., Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per

curiam). The § 2255 remedy is not considered inadequate or ineffective, however, simply because

§ 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997), *Tripati*

*v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1987), or because the petitioner is procedurally barred

from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); *Garris*

*v. Lindsay*, 794 F.2d 722, 726-27 (D.C.Cir. 1986) (per curiam), or because the petitioner has been

denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d

605, 608 (7th Cir. 1998).

 Mosher is challenging the imposition of his conviction that occurred in the Western District

of Michigan, not the execution or manner in which he is serving his sentence which usually entails

3

the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d at 893-94). He is arguing that a defective search warrant, ineffective assistance of counsel and denial of the right to represent himself resulted in a void conviction. None of his grounds for relief pertain to the execution of his sentence. A § 2241 Petition is not available to Mosher. .

Mosher has also filed a Motion for Order Directing Respondent to Show Cause (ECF 3), a Motion for Order to Supplement the Record (ECF 5) and a Motion for Rule 201(d) Request for Mandatory Judicial Notice (ECF 6). Since the Petition is dismissed, these Motions are moot and are denied.

Accordingly, Mosher's Motion to Proceed *In Forma Pauperis* is granted. (ECF 5). The Motion for Leave to File Supplemental Documents is denied. (ECF 5). This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  6/7/10

JUDGE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.